### 24314

In the Matter of William K. CHARLES, III, Respondent.

(462 S.E. (2d) 268)

Supreme Court

*Charles Molony Condon, Attorney General, J. Emory Smith, Jr., Assistant Deputy Attorney General,* and *James G. Bogle, Jr., Senior Assistant Attorney General,* Columbia, *for complainant.*

---

*William K. Charles, III*, Greenwood, *pro se.*

Submitted Aug. 10, 1995.

Decided Sept. 18, 1995.

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits the allegations in the complaint filed against him and consents to a definite suspension. We accept respondent's conditional admission and suspend him from the practice of law for three months.

### Steven Monson Matter

In September 1993, respondent was restained to obtain a clear title to property owned by Delee Friday and her deceased sister, Cornelia Birmingham, located in Hodges, South Carolina. Mrs. Friday and Mrs. Birmingham's son, Frank Elias, were interested in clearing the title to the property because they had a contract to sell the property. Respondent determined that Mrs. Birmingham's estate had been administered in California. He received the California Administration documents and filed an Ancillary Administration in Greenwood County. The California Administration indicated Carol Katrinak, Mrs. Birmingham's sister, and Mr. Elias were heirs to the Birmingham Estate.

As registered agent for First American Title Insurance Company, respondent determined full administration of the Birmingham Estate in South Carolina was needed in order to clear the title. First American authorized respondent to issue an owners' commitment if Mr. Elias' proceeds from the sales of the property were held in trust until the Birmingham Estate could be concluded.

After the sale of the property, respondent deposited the proceeds in a trust account jointly titled in his name and that of Mr. Elias until clear title could be obtained. In March 1994, respondent wrote Mr. Elias and attached all documents to be executed by him in order to open the Birmingham Estate file in South Carolina. Mr. Elias did not return the documents and respondent failed to follow up on the matter.

During December 1994, Mr. Elias retained Steven Monson to represent him. As a result of a conversation with Mr. Mon-

son, respondent sent Mr. Elias a cashier's check in the amount of $9,663.05. The money used to purchase this check came from a $10,000 loan respondent obtained from his mother.

During a subsequent conversation, Mr. Monson inquired about the balance in the trust account. Respondent told him that he had yet to receive the necessary documents from Mr. Elias. He also informed Mr. Monson that he had used funds from the trust account to pay personal debts. On the same day, respondent mailed a check drawn on the trust account to Mr. Monson.

Respondent admits that the disbursements from this account were made in violation of his agreement with First American. He further admits that he misappropriated approximately $8,500 from the trust account.

### A. W. Kelly, Jr. Matter

In 1992, Jennings Bryan White retained respondent to handle various legal matters. Mr. White died in September 1993 and respondent was named personal representative of his estate. In 1993 and 1994, disagreements as to disbursements and other matters related to inheritance under the estate ensued.

In late Summer or early Fall 1994, A.W. Kelly, Jr., as attorney in fact for his mother, filed a petition to compel the closing of the White Estate. After a hearing in September 1994, respondent made a partial distribution of $83,919.07, plus personal property, to Mr. Kelly's mother and the other heir. The sum of $51,870.56 remains in the estate account to be divided among the heirs, and to pay costs, taxes, and administration expenses.

Mr. Kelly filed a grievance with the Board of Commissioners on Grievances and Discipline in February 1995. Despite two requests for a response, respondent did not reply to correspondence from the Board.

By his conduct, respondent has violated Rule 1.15 of the Rules of Professional Conduct contained in Rule 407, SCACR, by misappropriating client funds. Further, he has violated Rule 1.3 by neglecting legal matters entrusted to him. Finally, respondent has violated Rule 8.1 by failing to respond to inquiries made by the Board of Commissioners on Grievances and Discipline.

Accordingly, we accept respondent's conditional admission and suspend him from the practice of law for three months.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.

MOORE, J., not participating.