532 S.E.2d 264

**In the Matter of Randall M. CHASTAIN, Respondent.**

**No. 25123.**

Supreme Court of South Carolina.

Heard April 6, 2000.
Decided May 15, 2000.

358

A. Camden Lewis and Mark W. Hardee of Lewis, Babcock & Hawkins, L.L.P., of Columbia, for respondent.

Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney grievance matter, we must decide whether to sanction Randall M. Chastain (Respondent) following his

conviction in a criminal case that involved a matter for which we had sanctioned Respondent in a prior disciplinary proceeding. We choose not to impose an additional sanction in this case.

## PROCEDURAL BACKGROUND

Six years ago, this Court found that Respondent committed misconduct in nine cases by neglecting legal matters, failing to respond to clients' telephone calls and letters, failing to return unused retainer fees, and failing to respond to inquiries by disciplinary authorities. The Court imposed a two-year definite suspension on Respondent and ordered him to pay $30,790 in restitution to his clients before applying for readmission to the Bar. *Matter of Chastain*, 316 S.C. 438, 450 S.E.2d 578 (1994).[1]

The misconduct relating to the retainer fees included a $5,000 retainer paid by client David Farmer and a $3,500 retainer paid by client Hoyt M. Housand, Jr. *Id.* In September 1995, a Richland County grand jury indicted Respondent on two counts of breach of trust with fraudulent intent in violation of S.C.Code Ann. § 16–13–230 (Supp.1999). The charges arose out of the retainers he failed to return to Farmer and Housand. A jury found Respondent guilty of the charge involving Farmer. Respondent was sentenced in February 1998 to eighteen months in prison.

In July 1998, an investigative panel of the Commission on Lawyer Conduct (Commission) instituted formal charges against Respondent. The formal charges alleged that Respondent's breach of trust conviction in the Farmer case constituted misconduct under Rule 7(a) of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR.

---

1. Respondent has been disciplined twice in other matters since 1994, but none of those are at issue in this case. In 1995, the Court found Respondent in criminal contempt of the 1994 suspension order. Respondent had performed legal research and prepared and reviewed pleadings. *Matter of Chastain*, S.C.Sup.Ct. Order dated October 6, 1995. In 1997, the Court suspended Respondent for ninety days after he pleaded guilty to willful failure to file a state income tax return in 1989, 1990, and 1993. *Matter of Chastain*, 327 S.C. 173, 488 S.E.2d 878 (1997).

Respondent moved to dismiss the charges. After a hearing, a subpanel recommended in November 1998 that Respondent's motion be denied. The subpanel found Respondent's conviction to be a ground for discipline in Rule 7(a), RLDE, but recommended that no additional sanction be imposed because Respondent already had been sanctioned by the Court for the misconduct at issue, i.e., the failure to return Farmer's money. The full panel adopted the subpanel's report.

In December 1998, Senior Assistant Attorney General James G. Bogle, Jr., representing the Office of Disciplinary Counsel (disciplinary counsel), agreed with the panel's finding of misconduct but objected to its decision not to impose any additional sanction on Respondent.

## ISSUE

May a lawyer who has been sanctioned for improperly failing to return a retainer be sanctioned a second time after he is convicted of a criminal charge stemming from his failure to return that same retainer?

## DISCUSSION

Respondent concedes he may be disciplined by the Court for failing to return the retainer and then criminally prosecuted in that same case. However, Respondent argues it would violate the Double Jeopardy Clause and be unfair to sanction him a second time for failing to return Farmer's retainer after he was criminally convicted in the matter. The conviction was simply additional evidence of misconduct that, if it had been obtained earlier, could have been admitted as evidence against Respondent in the original disciplinary proceeding, he argues.

Disciplinary counsel contends that double jeopardy is not implicated because a disciplinary matter is a civil proceeding, not a criminal proceeding. Respondent's conviction is sanctionable misconduct under Rule 7.4(a)(4), RLDE, and Rule 8.4(b) of the Rules of Professional Conduct (RPC) contained in Rule 407, SCACR.[2] Disciplinary counsel asserts it is proper

2. Rule 7(a), RLDE, provides:
   Grounds for Discipline: It shall a ground for discipline for a lawyer to: ...

for Commission to recommend an additional sanction because the conviction itself is a separate basis for sanction under the rules.

We will first address the double jeopardy issue, then discuss the propriety of an additional sanction.

## A. DOUBLE JEOPARDY

The Fifth Amendment to the United States Constitution provides that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." The South Carolina constitution contains an almost identical provision. S.C. Const. art. I, § 12 ("No person shall be subject for the same offense to be twice put in jeopardy of life or liberty"). Although we have held that a disciplinary proceeding is not criminal in nature, *see Burns v. Clayton,* 237 S.C. 316, 331, 117 S.E.2d 300, 307 (1960), we have not previously addressed whether the Double Jeopardy Clause is implicated when a lawyer is both disciplined and criminally prosecuted for the same misconduct.

The Double Jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *State v. Nelson,* 336 S.C. 186, 519 S.E.2d 786 (1999); *State v. Price,* 333 S.C. 267, 510 S.E.2d 215 (1998); *State v. Easler,* 327 S.C. 121, 489 S.E.2d 617 (1997); *State v. Owens,* 309 S.C. 402, 424 S.E.2d 473 (1992). However, the Double Jeopardy Clause is implicated only in criminal proceedings. *Hudson v. United States,* 522 U.S. 93, 103–05, 118 S.Ct. 488, 495–96, 139 L.Ed.2d 450, 461–63 (1997) (holding that double jeopardy did not prohibit criminal prosecution for conspiracy and violation of banking laws where federal regulatory agency had imposed money penalties and debarment in prior civil administrative proceeding); *Helvering v. Mitchell,* 303 U.S. 391, 398–405, 58 S.Ct. 630, 633–36, 82 L.Ed. 917, 921–25 (1938) (holding that

---

(4) be convicted of a crime of moral turpitude or a serious crime;....
Rule 8.4, RPC, provides:
It is professional misconduct for a lawyer to: ...
(b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;....

double jeopardy did not prohibit government from imposing a civil assessment against an individual in a tax fraud case where the individual had been acquitted of fraud in a prior criminal case based on same allegations).

Some courts describe disciplinary proceedings against a lawyer as civil in nature. The Wisconsin Supreme Court has explained that

[d]isciplinary proceedings are civil in nature. Disciplinary proceedings do not constitute a second "trial," nor is the sanction which may be imposed a secondary penalty or punishment. Rather, the primary purpose of a disciplinary proceeding is the ascertainment of moral fitness and professional competency of the attorney, and a determination of whether it is necessary for the protection of the public interest that the attorney be disciplined, suspended, or disbarred. These are public interests not addressed by the underlying criminal proceeding. Whatever ancillary punitive effects might be said to attach in a practical sense to an attorney's civil disciplinary proceeding do not violate the state constitutional proscription against being put twice in jeopardy of "punishment" for the same "offense."

*Matter of Rabideau,* 102 Wis.2d 16, 306 N.W.2d 1, 6–7 (1981) (citations omitted); *see also Matter of Discipline of Babilis,* 951 P.2d 207, 214 (Utah 1997) (disciplinary proceedings are civil in nature and do not involve a criminal penalty; goal is to maintain the honesty, integrity and professionalism of the Bar).

Some courts describe disciplinary proceedings as quasi-criminal in nature because the lawyer has certain procedural and substantive rights to ensure due process. *See In Re Ruffalo,* 390 U.S. 544, 550–51, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 121–23 (1968); *Mississippi State Bar v. Young,* 509 So.2d 210, 212 (Miss.1987); *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616, 620 (1975).

Other courts describe disciplinary matters as special proceedings that constitute a class unto themselves because they do not fall squarely into either the civil or criminal categories. The Seventh Circuit Court of Appeals has explained that

it would be well to note that disbarment and suspension proceedings are neither civil nor criminal in nature but are

special proceedings, sui generis, and result from the inherent power of courts over their officers. Such proceedings are not lawsuits between parties litigant but rather are in the nature of an inquest or inquiry as to the conduct of the respondent. They are not for the purpose of punishment, but rather seek to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice. Thus the real question at issue in a disbarment proceeding is the public interest and an attorney's right to continue to practice a profession imbued with public trust. *In Re Echeles,* 430 F.2d 347, 349–50 (7th Cir.1970); *see also Fitzsimmons v. State Bar,* 34 Cal.3d 327, 193 Cal.Rptr. 896, 667 P.2d 700, 703 (1983) (attorneys subject to disciplinary proceedings are not afforded all procedural safeguards which are extended to criminal defendants because such proceedings are sui generis as opposed to purely civil or criminal in character); *Campbell,* 345 A.2d at 619–20 (describing disciplinary proceedings as special proceedings as well as quasi-criminal).

Regardless of the exact label applied, courts uniformly have concluded that the Double Jeopardy Clause is not implicated in disciplinary proceedings. *See, e.g., Matter of Caranchini,* 160 F.3d 420, 423 (8th Cir.1998) (while disbarment may be considered punishment in common parlance, attorney discipline, including disbarment and other sanctions, are not punishment for purposes of Double Jeopardy Clause); *Young,* 509 So.2d at 214 n. 1 ("Most states which have addressed the matter have held that disciplinary proceedings are not so criminal in nature as to evoke double jeopardy protections."); *In re Brown,* 12 Cal.4th 205, 48 Cal.Rptr.2d 29, 906 P.2d 1184, 1191 (1995) (disciplinary action does not take the form of traditional criminal sanctions, such as monetary fines or incarceration, but rather consists of reproval, suspension from the practice of law, or disbarment; thus, double jeopardy did not bar disciplinary action that followed lawyer's nolo contendere plea in criminal case); *People v. Marmon,* 903 P.2d 651, 655 (Colo.1995) (en banc) (disciplinary sanction is not punishment for double jeopardy purposes; court noted that a contrary conclusion would lead to absurd result that lawyers convicted of criminal offenses could never be disciplined); *Matter of*

*McDaniel,* 470 N.E.2d 1327, 1328 (Ind.1984) (double jeopardy does not prohibit review of charges of misconduct in disciplinary proceeding even though the lawyer may have been found not guilty of the charges in a criminal proceeding).

■ Punishment or deterrence sometimes is an aspect of various types of civil proceedings against an individual, but the mere presence of such a purpose usually is not sufficient to render a sanction criminal. *Hudson,* 522 U.S. at 105, 118 S.Ct. at 496, 139 L.Ed.2d 450 at 463; *see also Price,* 333 S.C. at 270–74, 510 S.E.2d at 217–19 (explaining analysis under *Hudson* and holding that administrative suspension of driver's license for refusal to submit to breathalyzer test is not so punitive in purpose or effect as to constitute a criminal penalty that would implicate double jeopardy).

■ Courts have identified several purposes of lawyer discipline proceedings. The primary purpose, and by far the one most often identified, "is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." American Bar Association, *Standards for Imposing Lawyer Sanctions,* § 1.1 (1991). We have similarly explained that the "central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers." *Matter of Hall,* 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998).

■ Disciplinary proceedings also protect the integrity of the legal system, deter unethical conduct among all lawyers, and where appropriate, rehabilitate the lawyer. "[W]hile sanctions imposed on a lawyer obviously have a punitive aspect, nonetheless, it is not the purpose to impose such sanctions for punishment." *Standards for Imposing Lawyer Sanctions,* § 1.1 & commentary; *accord Theard v. United States,* 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342, 1345 (1957) ("power of disbarment is necessary for the protection of the public"); *Caranchini,* 160 F.3d at 424 (attorney discipline is designed to protect the public); *Brown,* 48 Cal. Rptr.2d 29, 906 P.2d at 1191 (aim in disciplining lawyers is not punishment or retribution, but is meant to protect public, promote confidence in legal system, and maintain high profes-

sional standards); *Marmon*, 903 P.2d at 655 ("where the respondent has already been punished by the criminal justice system, our aim in determining the level of discipline is not retribution, but the protection of the public").

In short, we hold that Respondent plainly is not afforded any protection under the Double Jeopardy Clause because disciplinary proceedings, whether classified as civil, quasi-criminal, or special, are not criminal in nature. The purpose of such proceedings is not to punish the lawyer, but to protect the public and the integrity of the legal system. Accordingly, double jeopardy does not prohibit us from imposing an additional sanction against Respondent.

## B. PROPRIETY OF ADDITIONAL SANCTION

Having decided the Double Jeopardy Clause is not implicated, we next must decide whether Respondent's criminal conviction provides a basis for an additional sanction and, if so, whether such a sanction would be appropriate in this case.

■■■■ It is well established that a disciplinary violation must be proven by clear and convincing evidence. *Matter of Yarborough*, 327 S.C. 161, 488 S.E.2d 871 (1997). While we are not bound by the findings of the subpanel and full panel, their findings are entitled to great weight, particularly when the inferences to be drawn from the testimony depend on the credibility of witnesses. *Id.* We may make our own findings of fact and conclusions of law, and we are not bound by the panel's recommendation. *Burns v. Clayton*, 237 S.C. 316, 117 S.E.2d 300 (1960). We must administer the appropriate sanction after a thorough review of the record. *Matter of Kirven*, 267 S.C. 669, 230 S.E.2d 899 (1976).

■■■■ The parties have not cited and we have not found any similar case in South Carolina or elsewhere, an indication of the unusual nature of this case. We hold that Respondent's criminal conviction, which followed a disciplinary proceeding in which he was sanctioned, provides a separate basis for an additional sanction. *See* Rule 7.4(a)(4), RLDE, and Rule 8.4(b), RPC.

■■■■ We do not believe, however, that an additional sanction is inevitable in every case such as Respondent's. We will

analyze each case individually in deciding whether to impose an additional sanction. We will consider (1) whether an additional sanction is necessary to protect the public; (2) whether an additional sanction is necessary to protect the integrity of the legal system or the administration of justice; (3) whether the criminal proceeding resulted in any information we did not consider in imposing the prior sanction; (4) whether the convicted lawyer would be unable to practice law due to incarceration, probation, or parole; (5) whether the disciplinary or criminal processes have been improperly manipulated to harass or intimidate the lawyer; (6) whether imposing an additional sanction would be unfair to the lawyer; and (7) any other factor we deem relevant.

In this case, we choose not to impose an additional sanction on Respondent, who has completed his prison sentence but remains suspended from the practice of law. An additional sanction is not necessary to protect the public, the integrity of the legal system, or the administration of justice. The criminal proceeding revealed no new information about the Farmer matter, and the record reveals no evidence of improper manipulation of either the disciplinary or criminal processes. We find it would be unnecessary and unfair to sanction Respondent a second time.

## CONCLUSION

For the foregoing reasons, we hold that Respondent is not afforded any protection under the Double Jeopardy Clause because disciplinary proceedings, whether classified as civil, quasi-criminal, or special, are not criminal in nature. Although ethical and disciplinary rules provide a separate basis for imposing an additional sanction following a criminal conviction, we find it unnecessary to impose an additional sanction in Respondent's case.

NO ADDITIONAL SANCTION.