556 S.E.2d 365

**In the Matter of William K. CHARLES, III, Respondent.**

No. 25377.

Supreme Court of South Carolina.

Heard Oct. 23, 2001.
Decided Nov. 19, 2001.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

C. Rauch Wise of Greenwood, for respondent.

PER CURIAM:

The Commission on Lawyer Misconduct filed formal charges against William K. Charles, III ("Respondent") on May 23, 2000.[1] Respondent did not respond to the charges as required by Rule 24(a), Rules for Disciplinary Enforcement,[2] and, therefore, the charges were deemed admitted. The following formal charges were filed against Respondent:

1) *Ann Brown Matter*

Respondent failed to complete work on a deed for his client Ann Brown and failed to communicate with her adequately. Furthermore, Ms. Brown paid Respondent a $90.00 fee which he did not earn. Respondent is now unable to locate Ms. Brown's file.

---

1. Prior to the filing of the current charges, Respondent had been subject to discipline by this Court on three prior occasions: (1) Respondent was suspended for three months for misappropriation, neglect, and failure to respond to disciplinary charges. *Matter of Charles*, 319 S.C. 434, 462 S.E.2d 268 (1995); (2) He was suspended for 90 days for failing to file a tax return. *Matter of Charles*, 336 S.C. 146, 519 S.E.2d 350 (1999); and (3) Respondent was suspended from June 12 to December 27, 2000 for non-payment of bar dues.

2. Although Respondent did not respond to the initial filing of charges and to the Notice of Full Investigation, Respondent did cooperate once he was contacted by an Attorney to Assist from the Office of Disciplinary Counsel.

## 2) *Bertha Fleming Matter*

Respondent failed to complete work on the estate of Bertha Fleming. Respondent was hired by Ms. Fleming's brothers, however, he failed to communicate with the Flemings and others adequately as to matters concerning the estate. Respondent was paid $500.00, a fee he did not earn. Respondent is now unable to locate his file concerning the Fleming Estate.

## 3) *Ola Lee Washington Matter*

Respondent failed to complete work on a real estate matter for his client, Ms. Washington. He failed to communicate adequately with Ms. Washington. Furthermore, he did not earn the $500.00 fee paid by Ms. Washington.

## 4) *Melanie Jones Matter*

Respondent failed to communicate adequately with his client, Ms. Jones. He also delayed in returning her file despite repeated requests by Ms. Jones.

## 5) *Failure to respond to disciplinary charges*

Respondent did not respond to the initial and subsequent inquiries from the Office of Disciplinary Counsel regarding the above mentioned matters, including the Notice of Full Investigation. However, Respondent did begin to cooperate once he was contacted by an Attorney to Assist.

A hearing before a sub panel of the Commission was held in December 2000. The sub panel recognized the matters asserted in the formal charges were deemed admitted since Respondent did not respond to the formal charges. Respondent represented himself at the hearing. He admitted his neglect of the matters but presented evidence in mitigation.[3]

---

**3.** The evidence of mitigation includes the following:

The record shows that in May of 1998, taking a sabbatical from my law practice due to a mental breakdown was suggested by Professor John Freeman and that this advice was reinforced by my psychiatrist and implemented on advice of my psychiatrist. I was diagnosed as being severely depressed. The discontinuance of my law practice led to the complaints against me. The complaints were the direct result of my being unavailable to my clients and, because of my mental illness, failing to realize that I should not have closed my office without making arrangements for another lawyer to cover for me. A

The sub panel recommended that Respondent be allowed to continue to practice law with certain restrictions.

The sub panel's report did not explicitly find that Respondent violated any specific rules of Professional Misconduct. Furthermore, they did not hold Respondent responsible for costs. Both the Respondent and the Prosecutor filed Exceptions to the Panel's report. The full Panel adopted the report of the sub panel. Both parties have appealed, and the issues before this Court are:

I.  Did the Panel err in failing to include proposed conclusions of law in its report?

II.  Did the Panel err in failing to recommend (1) any sanction other than supervision of Respondent's practice and related conditions and (2) that Respondent should be held responsible for restitution and costs?

### LAW/ANALYSIS

## I.  Conclusions of Law.

The Panel's report does not state that Respondent violated any specific Rules of Professional Conduct or Rules of Lawyer Disciplinary Enforcement. The Office of Disciplinary Counsel argues the Panel erred in failing to include in its report conclusions of law as required by Rule 26(d), RLDE, Rule 413, SCACR.

This Court is not bound by a Panel's recommendation and may make its own findings of fact and conclusions of law. *Matter of Chastain*, 340 S.C. 356, 532 S.E.2d 264 (2000). Therefore, the Court can make its own conclusions even if the Panel has made no recommendations. *Id.* There is ample

---

review of the history of ethical complaints against me shows that all of my delicts occurred as the result of real life, unusually severe, stressful situations. They were the result of my poor response to the long, serious illness of my wife, her eventual death, and the serious physical, medical health problems from which I suffered, both during and after her illness and death. The record is clear that I recognize my shortcomings and feel remorseful for them. The record is clear that many of the physical problems from which I suffered have been resolved by either surgery or medical treatment. Psychiatric treatment has resolved my emotional and mental problems . . .

(See Letter to Barbara Hinson from Respondent, dated February 12, 2001).

evidence in the record to support a finding that Respondent has violated several Rules of Professional Conduct, Rule 407, SCACR, and the Rules of Disciplinary Enforcement (RDLE), Rule 413, SCACR. In fact, Respondent "admitted" the facts contained in the Formal Charges since he did not respond. Accordingly, we find the Respondent has violated the following Rules:

A. Rules Professional Conduct, Rule 407, SCACR:

1) Rule 1.3: failure to act with reasonable diligence and promptness in representing a client.

2) Rule 1.4(a): failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

3) Rule 1.15: failure to account to client for unearned fees.

4) Rule 8.4(a): violating or attempting to violate the Rules of Professional Conduct.

B. Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR:

1) Rule 7(a)(1), RLDE: violating or attempting to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct.

2) Rule 7(a)(5), RLDE: engaging in conduct demonstrating an unfitness to practice law or in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute.

C. Failing to respond to and cooperate with the Office of Disciplinary Counsel. *Matter of Nida,* 315 S.C. 132, 432 S.E.2d 462 (1993); *Matter of Blackmon,* 295 S.C. 333, 368 S.E.2d 465 (1988).

## II. Appropriate Sanction

The Office of Disciplinary Counsel argues the Panel erred in failing to recommend a sanction greater than a simple imposition of restrictions on Respondent should he return to practice. We find Respondent's conduct requires us to issue a public reprimand.

The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court.

*Matter of Hines*, 275 S.C. 271, 269 S.E.2d 766 (1980). A public reprimand is consistent with this Court's prior sanctions for attorneys who neglected client matters (without greatly prejudicing the client) and failed to respond to or cooperate with Disciplinary Counsel. This Court has held, "When the offense of neglect is coupled with failure to cooperate with the Bord [sic], public reprimands have been issued when the client was not greatly prejudiced." *Matter of Acker*, 308 S.C. 338, 341, 417 S.E.2d 862, 864 (1992) (citing *Matter of Blackmon*, 295 S.C. 333, 368 S.E.2d 465 (1988); *Matter of Bruner*, 283 S.C. 114, 321 S.E.2d 600 (1984); *Matter of Haddock*, 283 S.C. 116, 321 S.E.2d 601 (1984)); *see also Matter of Ballard*, 312 S.C. 227, 439 S.E.2d 846 (1994) (finding neglect of clients' matters, failure to cooperate with Board of Grievances, and the harm which his neglect caused clients warrants one-year suspension from practice of law and payment of restitution to clients); *Matter of Palmer*, 298 S.C. 324, 380 S.E.2d 813 (1989) (ordering one year suspension for incompetent handling and neglect of legal matter entrusted to him, failure to avoid prejudice to his client upon withdrawal, and failure to cooperate with grievance board's investigation).

In addition to issuing a public reprimand, this Court orders Respondent to comply with the following:

1) Respondent must enter into a mentor relationship for a period of two (2) years with an attorney licensed to practice law in this State.

2) The Respondent must continue to receive counseling from a licensed psychiatric professional at least once a month for a year.

3) Respondent must, within thirty (30) days, pay all bar dues and any other outstanding fees or dues.

4) Respondent must file a progress or status report with the Office of Disciplinary Counsel every three (3) months for a period of one (1) year.

5) Within 30 days, Respondent must pay restitution to his clients, the Flemings ($500.00), Ms. Brown ($90.00), and Ms. Washington ($500.00).

6) Respondent shall also pay the costs ($345.50) of the disciplinary proceeding. This amount shall be remitted to the Commission on Lawyer Conduct within 30 days.

## PUBLIC REPRIMAND.