600 S.E.2d 537

**In the Matter of Arthur Cecil McFARLAND, Respondent.**

**No. 25848.**

Supreme Court of South Carolina.

Heard May 26, 2004.
Decided July 26, 2004.

102

Henry B. Richardson Jr., Disciplinary Counsel, and Barbara M. Seymour, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs and Holmes, of Charleston, for Respondent.

PER CURIAM.

In this attorney discipline matter, Arthur Cecil McFarland (Respondent) has taken exception to the recommendation from the subpanel of the Commission on Lawyer Conduct (subpanel)[1] that he be definitely suspended from the practice of law for a period of nine months, with conditions. We find that

---

1. The full panel adopted the subpanel's report and recommendation in its entirety.

Respondent's conduct warrants a lesser sanction than the full panel recommended. Therefore, we impose a public reprimand, with the recommended conditions, effective as of the date of this opinion.

## FACTS

This disciplinary matter arises from Respondent's (1) neglect during the course of his representation of Gussie Minus (Client), (2) failure to abide by court orders, and (3) failure to cooperate with disciplinary counsel during the investigation.

### A. *The Minus Matter*

In September 2000, Client hired Respondent to represent him in a Title VII suit against Client's former employer (Defendant). Respondent filed a complaint on behalf of Client but never had it verified. After some investigation, Respondent concluded that Client's claims lacked merit but never told Client and never sought to dismiss the lawsuit.

After Respondent failed to timely respond to Defendant's multiple discovery requests, Defendant filed a motion to compel. The trial court ordered Respondent to comply with the discovery requests, but he did not comply. The trial court issued two additional orders directing Respondent to comply with Defendant's discovery requests. Respondent again failed to respond until Defendant filed a motion for costs and fees.[2]

Defendant filed a motion for summary judgment and Respondent did not respond. Respondent told Client about the motion for summary judgment, but he did not tell Client that he had decided not to respond to it. The Magistrate issued a Report and Recommendation for summary judgment, citing as grounds Respondent's failure to file a verified complaint, failure to comply with discovery, and failure to respond to the motion for summary judgment. Respondent did not respond to the report, and summary judgment was granted. Despite Respondent's nine meetings with Client after summary judg-

---

**2.** The United States Magistrate rejected Respondent's arguments, holding that the arguments were not timely and that Respondent had waived his objection when he failed to voluntarily participate in the discovery process. Respondent was ordered to pay Defendant's costs and fees.

ment was granted, Respondent never told Client that Client's case had been dismissed.

After some time, Client sent a certified letter to Respondent, requesting a copy of his file and enclosing a check for $100.00 for copying and shipping costs. Respondent ignored Client's request. When Client finally confronted Respondent in Respondent's office, Respondent gave him a copy of the file; however, the copy did not include the summary judgment order. Client finally learned that his case had been dismissed upon obtaining a copy of the file from the clerk of court.

## B. *Cooperation with Disciplinary Counsel's Investigation*

Twice in May 2002, disciplinary counsel wrote Respondent to notify him of Client's grievance, yet Respondent failed to respond. In July 2002, the Office of Disciplinary Counsel sent Respondent a Notice of Full Investigation, which instructed Respondent to file a written response within thirty days. Again, Respondent failed to respond. On August 21, 2002, a SLED officer served Respondent with a Notice to Appear and Subpoena pursuant to Rule 19, Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR,[3] directing Respondent to appear in the Office of Disciplinary Counsel on September 4, 2002. Respondent failed to appear but contacted Disciplinary Counsel, who agreed to postpone the meeting. At the meeting, Respondent provided disciplinary counsel with subpoenaed documents and a sworn statement.

## C. *Findings of the Commission*

The full panel found that Respondent violated the following South Carolina Rules of Professional Conduct, Rule 407, SCACR, during the course of his representation of Client: Rule 1.1 (competence); Rule 1.2 (scope of representation); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.16 (declining or terminating representation); Rule 2.1 (advisor); Rule 3.2 (expediting litigation); Rule 3.4(c) and (d) (fairness to opposing party and counsel); Rule 8.1 (cooperation with disciplinary authority); and Rule 8.4(e) (prejudice to the administration of justice).

---

**3.** This rule provides that Disciplinary Counsel must give a lawyer 20–days notice of a statement under oath.

### LAW/ANALYSIS

 This Court is not bound by the subpanel's recommendation; rather, after a thorough review of the record, this Court may impose the sanction it deems appropriate. *In re Strickland,* 354 S.C. 169, 172, 580 S.E.2d 126, 127 (2003). The authority to discipline attorneys rests entirely with this Court. *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001).

### A. *Sanction*

 In response to the subpanel's recommendation, Respondent argues that the appropriate sanction is a public reprimand—the sanction given by this Court in *In the Matter of Charles,* 347 S.C. 393, 556 S.E.2d 365 (2001). In that case, a real estate attorney's failure to complete work for, communicate with, and not earn fees paid by clients was found to violate the Rules of Professional Conduct. And although the respondent in that case had been sanctioned on three prior occasions, this Court ordered a lesser sanction because the respondent's client was not prejudiced by the respondent's neglect. This Court also has held "[w]hen the offense of neglect is coupled with failure to cooperate with the Bord [sic], public reprimands have been issued when the client was not greatly prejudiced." 556 S.E.2d at 398 (citing *Matter of Acker,* 308 S.C. 338, 341, 417 S.E.2d 862, 864 (1992)). Although Respondent's misconduct in the present case did not greatly prejudice Client's case, Client was, nevertheless, entitled to competent representation and candid consultation. We hold that the lack of prejudice to Client's case mitigates, but does not excuse, Respondent's misconduct.

### B. *Respondent's Experience and Character*

When considering the appropriate sanction, the subpanel took notice of Respondent's exceptional experience and exemplary contribution to the Charleston community during his thirty years of practice. But the subpanel found that Respondent's experience and community involvement did not mitigate his misconduct. In fact, in making its determination as to the appropriate sanction, the subpanel held Respondent to a higher standard.

While Respondent's misconduct is less understandable given his extensive experience, we do not find his experience to be a factor justifying a harsher sanction. Further, we disagree with the subpanel's conclusion that Respondent's character and contributions to society warrant a harsher sanction. If anything, Respondent's character mitigates the circumstances of his misconduct.

## C. *Respondent's Mental Condition*

Dr. Emmett Lampkin testified before the subpanel that Respondent suffers from depressive dysthymic disorder, a condition that impairs Respondent's cognitive abilities and his ability to perform normal tasks and carry out sophisticated processes. Dr. Lampkin further testified that Respondent could adequately practice law given a combination of psychotherapy and medication.

We take notice that Respondent has independently sought and continued treatment for the depressive disorder of which Dr. Lampkin testified altered Respondent's judgment during the course of his representation of Client. We continue to encourage members of the bar such as Respondent to seek rehabilitation for the well-being of themselves and the public they serve.

## D. *Prior Discipline*

This grievance marks the fourth time Respondent has been disciplined for professional misconduct. In 1996, he received a private reprimand[4] for failing to cooperate with disciplinary authorities.

In 1997, though Respondent was found to have not committed misconduct, he received a letter of caution, which directed him to be mindful of Rule 8.1, SCRPC (bar admission and disciplinary matters), Rule 407, SCACR.

In 2001, Respondent received a confidential admonition concerning three different matters, including violations of Rules 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 3.2 (expediting litigation), 8.1

---

4. A private reprimand and a confidential admonition are identical sanctions.

(bar admission and disciplinary matters), and 8.4 (misconduct) (a), (d), and (e) concerning three different matters.

## CONCLUSION

We find that Respondent's misconduct warrants a public reprimand. Additionally, we require Respondent to (1) hire an attorney to review Respondent's management of his practice for a period of two years providing disciplinary counsel with quarterly reports as to his ability to practice law in accordance with the Rules of Professional Conduct; (2) continue his psychiatric treatments for a period of two years, providing disciplinary counsel with quarterly reports signed by the treating psychiatrist of his compliance with treatment; (3) refund all fees paid to him by Client within thirty days of the publication of this opinion; and (4) pay the costs of these disciplinary proceedings within thirty days of the publication of this opinion.

Finally, the record is unclear as to the total restitution owed to Client. Respondent shall effectuate within sixty days of the date of this opinion an agreement with Disciplinary Counsel to implement a payment plan to ensure the timely and prompt payment of restitution to Client.

**PUBLIC REPRIMAND.**

MOORE, A.C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice DOYET A. EARLY, III, concur.