<hr/>

607 S.E.2d 76

**In the Matter of Charleston Municipal Court Judge
Arthur C. McFARLAND, Respondent.**

**No. 25912.**

Supreme Court of South Carolina.

Submitted Nov. 30, 2004.

Decided Dec. 20, 2004.

<hr/>

Henry B. Richardson, Jr., Disciplinary Counsel, of Colum-
bia, for The Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Charleston, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the
Office of Disciplinary Counsel (ODC) have entered into an

Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a public reprimand. The facts as set forth in the agreement are as follows.

## FACTS

While serving as a part-time municipal judge for the City of Charleston, respondent also engaged in the practice of law. In his legal capacity, respondent undertook to represent a client, accepted a fee, and filed a lawsuit on the client's behalf. After further investigation, respondent concluded the client's claim lacked merit, but failed to advise the client and never sought to dismiss the lawsuit. Respondent failed to advise the client of receipt of a summary judgment motion and failed to respond to the motion. Without consulting the client, respondent failed to comply with discovery requests and failed to comply with two federal court orders directing respondent to comply with the discovery requests. Moreover, although he met with the client approximately seven times after the summary judgment motion had been granted, respondent never told his client his case had been dismissed. Finally, respondent failed to timely return the client's file after the client terminated representation and requested the file's return.

The client filed a complaint with the Commission on Lawyer Conduct. ODC requested respondent respond to the complaint. Respondent failed to respond; ODC sent a "Treacy" letter in which ODC pointed out that respondent's failure to respond to the complaint would constitute lawyer misconduct. *See In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent failed to respond to the second request from ODC.

ODC then served respondent with a Notice of Full Investigation. *See* Rule 19, RJDE, Rule 502, SCACR. Respondent failed to respond to the Notice of Full Investigation. ODC then had the South Carolina Law Enforcement Division serve a subpoena on respondent directing that he appear at a specific time and place for an on-the-record and under oath interview and to bring documents with him for inspection. Respondent failed to appear as directed, but did contact ODC

and reschedule the interview. Respondent subsequently appeared for the rescheduled interview and provided ODC with the subpoenaed documents.

As a result of the above misconduct, respondent was publicly reprimanded in his capacity as a lawyer. *In the Matter of McFarland*, 360 S.C. 101, 600 S.E.2d 537 (2004). This reprimand constituted the fourth time respondent had been disciplined for professional misconduct as a lawyer.

## *LAW*

By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1(A) (judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety in all activities); Canon 2(A) (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity of the judiciary); and Canon 4(A)(2) (judge shall conduct all extra-judicial activities so that they do not demean the judicial office). By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR (it shall be ground for discipline for judge to violate the Code of Judicial Conduct). In addition, he has violated Rule 7(a)(2), RJDE, Rule 502, SCACR (it shall be ground for discipline for judge to willfully fail to appear personally as directed, willfully fail to comply with a subpoena, or knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.