673 S.E.2d 421

**In the Matter of Arthur C. McFARLAND, Respondent.**

No. 26600.

Supreme Court of South Carolina.

Submitted Dec. 29, 2008.

Decided Feb. 9, 2009.

---

5. *See* footnote 3, *supra*.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Arthur C. McFarland, of Charleston, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or public reprimand. We accept the agreement and issue

a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In November 2000, respondent was retained by Complainant A to clear title to property on Complainant A's behalf. Complainant A paid respondent $1,000.00 to begin the process; however, respondent maintains the retainer fee was actually $1,500.00.

Respondent represents he met with Complainant A to outline the steps necessary to clear title to the property. He further represents that he prepared a complaint. In April 2003, Complainant A terminated respondent's service. As of that date, respondent had not filed the complaint.

At times during the course of respondent's representation, respondent failed to return Complainant A's telephone calls. Respondent further failed to promptly return Complainant A's file as requested after the representation had been terminated.

### Matter II

In February 2005, Complainant B consulted with respondent regarding the filing of a civil case on his behalf. Respondent agreed to review materials in Complainant B's case to determine whether he would accept representation in the matter. During the course of respondent's consultation with Complainant B, respondent received $1,000.00 from Complainant B to conduct some legal research. Respondent decided not to proceed with the legal research, but failed to promptly return Complainant's $1,000.00 fee.

In June 2005, Complainant B retained respondent to handle a motor vehicle accident claim on his behalf. In July 2005, respondent notified the insurance company he represented Complainant B.

Other than a review of Complainant B's medical records, respondent conducted no other meaningful work in the case. In February 2007, Complainant B terminated respondent's representation in the motor vehicle accident matter and re-

quested respondent forward the client file to his new lawyer. Respondent failed to promptly forward Complainant B's file as requested. Once he did forward the file, only ten (10) days remained before expiration of the statute of limitations. Respondent maintains it was his intention to file a suit prior to the expiration of the statute of limitations. Respondent agrees he failed to keep Complainant B reasonably informed about the status of the motor vehicle accident case.

## Matter III

In January 2007, respondent was retained to partition property on behalf of Complainant C and two other clients. On March 21, 2007, respondent filed suit in the action. Service of the pleadings was not completed until August 21, 2007. Respondent represents that a miscommunication between respondent and his legal assistant led to the delay in service of the pleadings.

For a period of over four months, respondent failed to return Complainant C's telephone calls or keep Complainant C and the other two clients reasonably informed regarding the status of their case. Both respondent and Complainant C represent that communications between them have improved.

## LAW

Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct). Respondent admits that by his misconduct he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decision concerning objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall promptly respond to reasonable requests for information); Rule 1.15 (lawyer shall safe keep client property); and Rule 8.4(e) (lawyer shall not engage in conduct prejudicial to the administration of justice).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand.[1] Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

1.  Respondent previously received a public reprimand. *In the Matter of McFarland*, 360 S.C. 101, 600 S.E.2d 537 (2004). In addition, he received an admonition in 2001 and a private reprimand in 1996. As permitted by Rule 7(b)(5), RLDE, we have considered the admonition and private reprimand solely upon the issue of determining the proper sanction in the current matter.