804 S.E.2d 630

In the MATTER OF Robert Clenten CAMPBELL, Respondent.

**Appellate Case No. 2016-002528**
**Opinion No. 27735**

Supreme Court of South Carolina.

Heard May 24, 2017
Filed August 30, 2017

Lesley M. Coggiola, Disciplinary Counsel, and Barbara Marie Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Paul Thomas Collins, Nelson Mullins Riley & Scarborough, L.L.P., of Columbia, for Respondent.

PER CURIAM:

This attorney disciplinary matter arises out of formal charges filed by the Office of Disciplinary Counsel against Robert Clenten Campbell of Walterboro. Because Campbell did not respond to the charges, the factual allegations are deemed admitted under Rule 24(a) of the Rules of Lawyer Discipline. Rule 413, SCACR. Thus, the sole issue before the Court is the appropriate sanction. A hearing panel of the Commission on Lawyer Conduct recommends we suspend Campbell for three years, order him to pay restitution and the costs of the proceedings, and order him to complete ethics training. Neither Campbell nor the Office of Disciplinary Counsel disagrees with the panel's recommendation, and neither party has filed a brief to this Court. We accept the panel's recommendation.

## I. Factual Background

The charges against Campbell are based on his representation in three separate matters between December 2011 and June 2014.

### Client A Matter

In May 2011, Client A paid Campbell $800 to assist him with a property damage claim, which arose in September 2010. Prior to hiring Campbell, Client A received an offer to settle the claim for $3,400. Campbell prepared a summons and complaint, and assumed his assistant would file and serve them. In late 2012, Campbell realized the summons and complaint had not been filed. Without telling Client A, Campbell prepared a new summons and complaint, and again assumed his assistant would file and serve them. In September 2013, the statute of limitations expired without the summons and complaint ever being filed. Rather than communicating this fact to Client A, Campbell prepared a document purporting to

release the defendant in exchange for $3,400. Campbell advised Client A to sign the release, and then mailed the release and a letter requesting a settlement check to an insurance adjuster. However, Campbell had not communicated with the adjuster, much less negotiated a settlement agreement. The mail was returned marked "undeliverable." Campbell took no further action and did not communicate with Client A again. Client A eventually discovered the summons and complaint were never filed after he personally contacted the clerk of court to ask for information about his case. Client A never received any money on his claim, even the $3,400 he was offered before retaining Campbell.

### Client B Matter

In June 2013, Client B hired Campbell to assist in the adoption of Client B's grandchild. Client B was unable to afford a retainer, but Campbell quoted a fee and agreed to begin representation without any upfront payment. In November 2013, Campbell filed an adoption petition on behalf of Client B, with Campbell's law firm paying the $175 filing fee in advance. Several months after Campbell left the firm, Client B paid Campbell $1,550 for his work. Campbell did not pay the fees over to the firm, nor did he reimburse the firm for the filing fee. Also, he did not maintain the fees in trust. Campbell did draft a voluntary relinquishment of parental rights for the child's parents to sign, but did nothing else. One year after Campbell filed the petition, the clerk of court informed Campbell the adoption action would be dismissed if he did not request a hearing within thirty days. He did not request a hearing and the action was dismissed. Campbell did not account for or reimburse any unearned fees related to this matter.

### Client C Matter

In 2013, Client C contacted Campbell about representing him in his divorce action. Campbell told Client C he would represent him if he paid a retainer of $5,000. At the time, Client C, who is a medical professional, was treating one of the partners at Campbell's law firm. During a doctor's appointment, Client C asked the partner if the retainer price could be negotiated. The partner said he would discuss it with the other

partners. Sometime later, Client C came to the law firm with a cashier's check for $5,000, and told the partner he had decided to pay the quoted retainer. The partner instructed Campbell to deposit the check in the law firm's trust account. Campbell took the check to the bank, but the teller would not accept it because it was not properly filled out. Campbell went to the issuing bank to get a replacement, but rather than making the check payable to the law firm, Campbell had the check made payable to himself and deposited it into his personal account. When the partners discovered what Campbell did and confronted him, Campbell falsely stated the issuing bank would not give him a replacement check and claimed he did not know what happened to Client C's $5,000. After hearing this, the partners decided to fire him. Campbell did, however, complete the work for Client C as a sole practitioner.

## II. Procedural History

After learning of Campbell's actions, Disciplinary Counsel sent Campbell notices of investigation and subpoenas for the Client A, Client B, and Client C files. Although Campbell cooperated with Disciplinary Counsel's preliminary investigation, he did not respond to supplemental investigations and did not comply with any of the disciplinary subpoenas. We placed Campbell on interim suspension on October 29, 2015. Disciplinary Counsel then filed formal charges against Campbell, alleging he violated the following Rules of Professional Conduct: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation and Allocation of Authority between Client and Lawyer); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 1.15 (Safekeeping Property); Rule 1.16 (Declining or Terminating Representation); Rule 8.1(b) (failing to respond to a demand for information by disciplinary authority); Rule 8.4(d) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (conduct prejudicial to the administration of justice). Rule 407, SCACR. When Campbell failed to answer the formal charges, the panel issued an order of default.

## The Panel's Findings and Recommendation

In September 2016, the panel held a hearing to consider evidence of aggravation and mitigation. At the hearing, Disciplinary Counsel presented no evidence, choosing to rest on the

factual allegations and rule violations Campbell had admitted. Campbell testified in his own defense, and presented the testimony of five character witnesses.

After the hearing, the panel issued a report in which the panel found Campbell violated each of the Rules of Professional Conduct listed above. Also, the panel found Campbell was subject to discipline based on the following Rules of Lawyer Discipline: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (willfully failing to comply with a disciplinary subpoena); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice and demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office). Rule 413, SCACR.

The panel found four aggravating factors and three mitigating factors were present. As to aggravating factors, the panel noted Campbell's multiple offenses and pattern of misconduct, Campbell's dishonesty and selfish motives, Campbell's failure to cooperate in the disciplinary investigation, and Campbell's prior disciplinary history.[1] As to mitigating factors, the panel noted Campbell's character and reputation, Campbell's remorse, and Campbell's willingness to make restitution.

Applying the aggravating and mitigating factors, the panel recommended the following sanction: (1) suspend Campbell for three years, not retroactive to the date of interim suspension; (2) order Campbell to pay the costs of the proceedings; (3) order Campbell to pay $4,200 to Client A, $1,550 to Client B, and $5,175 to his former law firm; and (4) order Campbell to complete Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School as a condition of reinstatement.

### III. Standard of Review

When an attorney is in default in disciplinary proceedings, "the sole question before the Court is the appropriate sanction." *In re Brunty*, 411 S.C. 434, 436, 769 S.E.2d 426, 427 (2015). "The failure of a party to file a brief taking exceptions to the report constitutes acceptance of the findings

---

1. According to the records of the Commission on Lawyer Conduct, Campbell received a Letter of Caution in September 2011 citing Rule 8.1(b) in connection with a prior disciplinary investigation.

of fact, conclusions of law, and recommendations." Rule 27(a), RLDE; Rule 413, SCACR. However, the Court "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE; Rule 413, SCACR. "This Court is not bound by the subpanel's recommendation; rather, after a thorough review of the record, this Court may impose the sanction it deems appropriate." *In re McFarland*, 360 S.C. 101, 105, 600 S.E.2d 537, 539 (2004).

## IV. Conclusion

■ After reviewing the record and conducting oral argument, we believe the panel's recommended sanction is appropriate. Therefore, we suspend Campbell for three years, not retroactive to the date of interim suspension. Campbell must pay $4,200 to Client A, $1,550 to Client B, and $5,175 to his former law firm. Campbell must also pay the costs of the proceedings. Finally, Campbell must complete Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School as a condition of reinstatement.

Within thirty days of the date of this opinion, ODC and Campbell shall enter into a restitution agreement specifying the terms upon which Campbell shall pay restitution to his former clients as ordered by this opinion.

Within thirty days of the date of this opinion, Campbell shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

Within fifteen days of the date of this opinion, Campbell shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of the Rules of Lawyer Discipline. Rule 413, SCACR.

**DEFINITE SUSPENSION.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.