21290

In the Matter of Willard Montgomery HINES, Jr., Respondent.

(269 S. E. (2d) 766)

---

[2] E. g., DRI—102(A)(1), (3), (4), (5), (6); DR5—104(A).

*Atty· Gen. Daniel R. McLeod* and *Asst. Atty. Gen. James W. Johnson, Jr.,* Columbia, *for complainant.*

Respondent not represented by counsel.

September 2, 1980.

*Per Curiam:*

This proceeding was initiated pursuant to the Rule on Disciplinary Procedure by service of a Notice and Complaint on Respondent Willard Montgomery Hines, Jr. on October 19, 1979. It is alleged that respondent failed to maintain trust money held for clients, placed trust funds of clients in his personal account and used these funds for his personal or office use and unreasonably delayed delivering funds of clients to the clients. It is further alleged that respondent neglected a legal matter entrusted to him.

The respondent did not answer the Complaint. He was served with a Notice of Hearing to be held before the Hearing Panel; he did not attend the hearing at the time and place specified in the notice. The record further reflects that in addition to the Notice, respondent received correspondence which would have granted him an additional five days to answer. The record also shows that respondent received a Request for Admissions but never responded to the request.

The Panel hearing in this matter was held on January 17, 1980. Since respondent did not file an Answer, the charges against him are deemed admitted under Paragraph 13C of the Rule on Disciplinary Procedure. The Hearing Panel took testimony to determine a proper recommendation of discipline under the admitted allegations.

Following the hearing, the Board of Commissioners on Grievances and Discipline petitioned this Court for an order temporarily suspending respondent's license to practice law pending a conclusion of this matter. The respondent was duly ordered to show cause why he should not be temporarily February 18, 1980. This Court issued its order dated Feb-

suspended from the practice of law. A hearing was held on ruary 20, 1980, temporarily suspending respondent's license to practice pursuant to Paragraph 7B of the Rule on Disciplinary Procedure.

The Report of the Hearing Panel found respondent guilty of misconduct for violations of Disciplinary Rules 9-102(A), 9-102(B)(3), 9-102(B)(4) and 6-101(A)(3) of the Code of Professional Responsibility (Rule 32 of the Supreme Court Rules of Practice). The Panel further found that respondent's conduct pollutes the administration of justice, brings the legal profession into disrepute, and demonstrates his unfitness to practice law. The Panel recommended the sanction of disbarment. No exceptions were taken to the Panel Report.

The Executive Committee reviewed this matter and voted to unanimously adopt the Panel's findings of fact and conclusions of law. Its independent recommendation as to sanction was disbarment.

This Court is not bound to accept the recommendations of the Panel or the Executive Committee. The duty of adjudging the professional conduct of members of the Bar and taking appropriate disciplinary action rests exclusively with this Court. *Burns v. Clayton*, 237 S· C. 316, 117 S. E. (2d) 300 (1960); *In the Matter of Brooks*, S. C., 267 S. E. (2d) 74 (1980). We have reviewed the record in this matter and accept the findings of the Panel and the Committee and concur fully in the conclusion of misconduct.

The ethical violations committed by respondent cannot be tolerated. We agree with the recommended sanction of disbarment. Accordingly, the respondent, Willard Montgomery Hines, Jr., is hereby disbarred from the practice of law in this State. He shall within five days of the service of this order upon him surrender his certificate of admission to practice law to the Clerk of Court for cancellation.