499 S.E.2d 208

**In the Matter of A.R. Grant MOREHOUSE, Respondent.**

**No. 24781.**

Supreme Court of South Carolina.

Submitted March 10, 1998.

Decided April 13, 1998.

C. Russell Keep, III, Hilton Head Island, for respondent.
James G. Bogle, Jr., Columbia, for Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law. Respondent has requested that the disbarment be made retroactive to the date of his Interim Suspension, April 3, 1997.[1] We accept the agreement for disbarment, but decline to make the disbarment retroactive.

## FACTS

On January 15, 1997, respondent and three co-defendants were indicted in the United States District Court, District of South Carolina, Beaufort Division, on 100 counts of wire fraud and money laundering in violation of 18 U.S.C. §§ 371, 1343, and 1956. Respondent entered into a plea agreement with the United States Attorney, whereby respondent agreed to plead guilty to fifty-five counts of wire fraud, in violation of 18 U.S.C. § 1343. In exchange for the plea, the United States Attorney agreed to dismiss the remaining counts of the indictment against respondent.

Respondent admits that by his conduct, he has violated the Rules of Professional Conduct by committing a criminal act which reflects on his honesty, and engaging in conduct involving moral turpitude, dishonesty, fraud, deceit, and misrepresentation which was prejudicial to the administration of jus-

---

1. *In the Matter of Morehouse,* 326 S.C. 61, 483 S.E.2d 473 (1997).

tice. Rule 8.4(a), (b), (c), (d), and (e), Rule 407, SCACR. Respondent further admits that he has violated several of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, including Rule 7(a)(1), violation of a Rule of Professional Conduct; Rule 7(a)(4), conviction of a crime of moral turpitude or a serious crime; Rule 7(a)(5), conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law; and Rule 7(a)(6), a violation of the oath of office taken upon admission to practice law in this state.

In our opinion, respondent's misconduct warrants disbarment from the practice of law. Accordingly, respondent is disbarred, effective on the date of this opinion. Within fifteen days of the date of this opinion, respondent shall file the affidavit required by Rule 30(g), RLDE, Rule 413, SCACR.

DISBARRED.