647 S.E.2d 185

**In the Matter of Harriet E. WILMETH, Respondent.**

No. 26337.

Supreme Court of South Carolina.

Submitted May 15, 2007.

Decided June 11, 2007.

Rehearing Denied July 18, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

R. Davis Howser, of Howser, Newman, and Besley, LLC, of Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent

admits misconduct and consents to disbarment pursuant to Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests the disbarment be made retroactive to the date of her interim suspension. *In the Matter of Wilmeth,* 368 S.C. 173, 628 S.E.2d 884 (2006). We accept the agreement and disbar respondent from the practice of law in this state. The disbarment shall not be made retroactive to the date of respondent's interim suspension.

## FACTS

The facts set forth below are as reported by the Agreement for Discipline by Consent and are fully sufficient to support respondent's disbarment from the practice of law in this state. We express no judgment about other pending matters not reflected herein.

### Matter I

Respondent served as attorney for and, later, as personal representative of two related estates. In connection therewith, the probate judge for Darlington County issued a February 3, 2006 order finding, in effect, that respondent failed to provide competent legal services to the personal representative of those estates, was not diligent in performing her professional services in connection with the estates, overcharged both estates for attorney's fees and the personal representative's statutory fees, and mishandled the estates' tax returns, resulting in the imposition of unnecessary penalties and interest. The probate judge further found that respondent should be required to repay the excessive fees and to reimburse the estates for the tax penalties and interest.

More specifically, respondent drafted the wills for two individuals and named herself as alternate and/or substitute personal representative in each of the wills without complying with the provisions of Rule 1.8, RPC, Rule 407, SCACR. After the death of the two individuals, respondent undertook to serve as attorney for each of the estates. When vacancies became available for the position of personal representative, respondent applied for appointment and was appointed as alternate and/or substitute personal representative for both of the estates. Respondent continued to prepare legal documents for the estates. She did not obtain a court order relieving her as counsel for either estate.

Respondent misappropriated $861,367.52 from either one or both of the estates and deposited these funds into an account of one or more entities owned, managed, and controlled by herself or some other bank account chosen by herself, but not in her trust account, and not in a bank account for either estate. On February 17, 2006, the probate court held a hearing to determine the whereabouts of these funds. At the hearing, the probate judge placed respondent under oath and three times asked her to report the location of the funds. Each time, respondent refused to divulge the location of the funds. Thereafter, the judge held respondent in contempt "for removal of the monies from the estate account in question without court approval and failure of [respondent] to provide the court with any information on where the monies are now located." The judge sentenced respondent to six months of confinement in the Darlington County Detention Center with a proviso that the contempt could be purged by payment in full to the estate(s).

Respondent was incarcerated. The following day, respondent caused the sum of $861,583.22 to be delivered to the probate court in the form of a check from Mutual Savings Bank, and the judge released respondent from confinement. These funds were not obtained from respondent's trust account or from the estates' bank accounts.

## Matter II

Respondent borrowed $4,950,000 from four clients without complying with the requirements of Rule 1.8, RPC, Rule 407, SCACR. The money owed on these four obligations is now past due and owing. Respondent admits that she abused the trust of these clients by borrowing money from them without complying with the Rules of Professional Conduct.

## Matter III

Respondent closed a real estate transaction and received approximately $160,000 to be disbursed in connection therewith. Respondent failed to make disbursement of the funds as required by the closing documents and, instead, used all or a portion of the funds for her own purposes. The sum of $160,000 had not been disbursed by respondent·at the time she was placed on interim suspension and, at that time, her

trust account had a balance of only $16,000. The deed related to the transaction had not been signed or recorded in the public records at the time respondent was placed on interim suspension.

## Matter IV

Respondent served as the closing attorney for a real estate transaction and received approximately $228,000 in funds to be held in trust until disbursed by respondent according to the agreement of the parties to the transaction. Respondent failed to promptly satisfy the first and second mortgages of the sellers of the subject property or to promptly distribute the balance of the sellers' funds to the persons and entities entitled thereto. Approximately six weeks after the closing, respondent paid off the second mortgage on the subject real property. Respondent did not disburse the closing costs of the transaction until approximately three weeks after the closing. As of the date of the execution of the Agreement for Discipline by Consent, respondent had failed to satisfy the first mortgage but had confessed judgment in the matter.

On the date on which she was placed on interim suspension, there was a balance of approximately $16,000 in respondent's trust account. Since the first mortgage had not been paid off, the balance should have been at least $158,000. Instead, the funds had been misappropriated by respondent and used for her own benefit or purpose.

On several occasions, parties to this transaction contacted respondent about unpaid items connected with the closing and, when so contacted, respondent gave inaccurate or, at least incomplete, information in an attempt to conceal the fact that she did not have the funds in her trust account from which to make the disbursements provided by the settlement documents. In addition, respondent failed to maintain ledgers or disbursement schedules in connection with this transaction.

## Matter V

Respondent served as the closing attorney in numerous real estate transactions. She retained monies in these closings to pay the related premiums on the title insurance policies to the title insurance company. The title insurance company discovered 28 missing policy jackets that had been transmitted to respondent but for which she could not account. As a result,

the title company revoked its agency agreement with respondent and required her to write a check for the known outstanding premiums due to the title insurance company. Respondent issued a check for $4,100 made payable to the order of the title insurance company. The check was dishonored upon presentment to the bank. The premiums remain due and owing to the title insurance company.

## Matter VI

Respondent maintained funds in her trust account which belonged to her domestic employee. On numerous occasions, the employee made withdrawals from and deposits into respondent's trust account.

Respondent admits that it was improper to allow her domestic employee access to her trust account. In addition, respondent admits that she commingled client funds with non-client funds by maintaining funds which belonged to her employee in her trust account. She further admits that, because of other shortages in her trust account, it is impossible to determine what part of the balance on hand in the trust account belongs to the employee and what part belongs to others who might have a claim against the balance, and that there is a distinct possibility that other persons and entities might have or claim to have an interest in the balance of funds in the trust account that would cause the employee to receive only a small pro-rata amount, if any, of the balance remaining in respondent's trust account.

## Matter VII

Over a period of time, respondent has repeatedly failed to comply with the money handling and recordkeeping requirements of Rule 1.15, RPC, and Rule 417, SCACR. These failures include not making monthly reconciliations of her trust account and not keeping separate ledgers or records showing funds received and disbursed for each respective client.

## *LAW*

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.5 (lawyer shall not

charge or collect unreasonable fee); Rule 1.7 (lawyer shall not represent a client if representation involves current conflict of interest); Rule 1.8 (lawyer shall not knowingly acquire a pecuniary interest adverse to a client unless the client consents in writing); Rule 1.15 (lawyer shall hold funds belonging to client or third party separate from the lawyer's own funds; lawyer shall promptly deliver funds to third parties); Rule 5.3 (lawyer shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that a non-lawyer employee's conduct is compatible with the professional obligations of the lawyer); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits she failed to comply with the recordkeeping provisions of Rule 417, SCACR.

Respondent further admits her misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice, bring courts or legal profession into disrepute, or conduct demonstrating an unfitness to practice law), Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office), and Rule 7(a)(7) (it shall be ground for discipline for lawyer to willfully violate a court order).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent. The disbarment shall not be made retroactive to the date of respondent's interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

Within thirty (30) days of the date of this opinion, respondent and ODC shall agree to a restitution plan. In the plan,

respondent shall agree to pay restitution to all presently known and/or subsequently identified clients, banks, and other persons and entities who have incurred losses as a result of her misconduct in connection with this matter. Moreover, respondent shall agree to reimburse the Lawyers' Fund for Client Protection for any claims paid as a result of her misconduct in connection with this matter. The restitution plan shall require respondent to begin paying restitution immediately. Respondent shall not be eligible to apply for reinstatement to the practice of law until and unless she demonstrates to the satisfaction of the Court by clear and convincing evidence that she has made full and appropriate restitution.

**DISBARRED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.