677 S.E.2d 25

**In the Matter of Thomas E. RUFFIN, Jr., Respondent.**

**No. 26649.**

Supreme Court of South Carolina.

Heard Feb. 18, 2009.

Decided May 12, 2009.

Attorney General Henry D. McMaster and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for Office of Disciplinary Counsel.

George Hunter McMaster of Tompkins & McMaster, of Columbia, and Irby E. Walker, Jr., of Conway, for respondent.

PER CURIAM:

This attorney disciplinary action arises out of multiple allegations of misconduct including misappropriation of funds. Following a hearing, the Commission on Lawyer Conduct

recommended Thomas E. Ruffin, Jr., be disbarred. The Office of Disciplinary Counsel joined in the recommendation. After thorough review of the record, we agree and disbar Ruffin effective from the date of this opinion.

In this attorney disciplinary case, Ruffin is accused of multiple acts of misconduct including misappropriation of trust account funds and failure to pay a client his settlement. Ruffin was placed on interim suspension on July 28, 2004. *In the Matter of Ruffin*, 360 S.C. 339, 600 S.E.2d 909 (2004). Subsequently, in an unrelated matter, this Court indefinitely suspended Ruffin. *In the Matter of Ruffin*, 363 S.C. 347, 359–60, 610 S.E.2d 803, 809 (2005). In the case at hand, the Commission on Lawyer Conduct panel found misconduct occurred and recommended Ruffin be disbarred without retroaction, required to pay costs, and required to make full restitution. We hold disbarment without retroaction, costs, and restitution are warranted sanctions.

## Matter I

Ruffin conducted a refinancing for Client A on or about April 16, 2004. On April 21, 2004, $137,896.51 was wired to Ruffin's trust account to be used to pay off the first mortgage. Ruffin failed to pay off the first mortgage, and the balance of his trust account on April 30, 2004 was $9,109.97, far short of the amount necessary to pay off the first mortgage.

The title insurance company insuring the closing dispatched an auditor to review Ruffin's trust account. The auditor found the payoff never occurred and a pattern of late payoffs using one closing to fund a previous closing. For instance, Ruffin conducted a closing for Client B on or about March 26, 2004. The $114,406.27 payoff check was dated March 26, 2004, but did not clear until April 26, 2004, after the above mentioned Client A's funds were deposited in Ruffin's trust account. Additionally, Ruffin conducted a closing for Client C on January 15, 2004, but the payoff check did not clear until February 24, 2004. In the interim, Ruffin's trust account balance dipped to approximately $7,000, well below the necessary amount to cover Client C's payoff.

## Matter II

■ Ruffin represented a client in a personal injury claim. The claim was settled for $3,500.00. Ruffin's trust account showed the funds were deposited on May 6, 2004. Ruffin never issued a check to his client. The trust account's balance at the end of May 2004 was $309.97, which was again too depleted to cover Ruffin's financial obligation.

In his answer, Ruffin admitted he failed to pay his client. Ruffin argued in his brief that he was owed $2,500 by another party and once he placed that in his trust account he would be able to pay his client. This is a prime example of Ruffin's misunderstanding of the sanctity of a trust account.

## Matter III

When this Court ordered Ruffin's interim suspension in 2004, the Court appointed an Attorney to Protect Clients' Interests. *In the Matter of Ruffin,* 360 S.C. at 340, 600 S.E.2d at 909. As part of his service, the appointed attorney reported an item for $100.00 was returned for insufficient funds in one of Ruffin's trust accounts in March 2004. However, the insufficient funds notice stated, "Notice of Returned Deposited Item." Therefore, we find the bank notified Ruffin that a $100 check he deposited had insufficient funds, not that he wrote a check with insufficient funds. Accordingly, no misconduct occurred in this matter.

## Matter IV

■ The appointed attorney also reported this matter, which involves Ruffin's representation of a client in a personal injury case. The client's medical insurer notified the client and Ruffin that it believed it had a right to recover its costs if the client settled the claim. The case settled for $17,500, which was deposited in Ruffin's trust account. In October 2003, the client authorized the disbursement of $5,523.53 to the medical insurer, and Ruffin sent the client a check for the remainder less attorneys' fees. Ruffin, however, never paid the medical insurer, and his trust account had a balance of $93.50 on January 30, 2004.

Ruffin admitted the client signed the disbursement authorization but denies any misappropriation. Ruffin argued he

determined the medical insurer was not entitled to this money, contacted the client, and reached an agreement with the client to put the $5,523.53 towards legal fees owed by the client. Upon review of the record, we hold Ruffin failed to fulfill his agreement with the medical insurer. Further, Ruffin provided no evidence to substantiate his assertion he and the client reached an agreement to apply the withheld funds to attorney's fees. Instead, the record only includes the disbursement agreement signed by the client indicating a $5,523.53 payment should be issued to the medical insurer. We find unpersuasive Ruffin's effort to explain this gross misconduct.

## Matter V

Ruffin sent evidence related to a motor vehicle accident to a retired civil engineering professor to review. Ruffin asked the professor to render an opinion related to the motor vehicle accident. The professor did so and submitted his bill of $250 to Ruffin but was never paid for his services. In his answer, Ruffin admitted he never paid the professor because Ruffin sent the bill to his clients for payment. We find this argument meritless. Ruffin contacted the professor to review documents, and despite the professor's repeated contact with Ruffin regarding payment, Ruffin never paid the professor. Having contracted with the professor, without the client's knowledge or consent, Ruffin's failure to pay the professor constitutes misconduct.

## Matter VI

A homeowners' association retained Ruffin to collect dues from two delinquent homeowners. The association paid Ruffin a total of $3,559.30. Ruffin wrote a letter to each of the delinquent homeowners but did not file the liens against their property after delinquent homeowners failed to pay. Ruffin admitted that he failed to refund the fee. Ruffin further agreed a portion of his payment should be repaid.

## Matter VII

In his answer, Ruffin conceded he failed to respond timely to the Notices of Full Investigation/Supplemental Notices of Full Investigation in these cases.

## Panel Report

The panel found multiple violations of the Rules of Professional Conduct (RPC) contained in Rule 407, SCACR. Specifically, the panel found the following RPC violations in Matter I, Matter II, Matter IV, and Matter VI: Rule 1.1, Competence; Rule 1.2, Scope of Representation; Rule 1.3, Diligence; Rule 1.4, Communication; and Rule 1.15, Safe Keeping of Property. Additionally, in Matters V and VI, the panel found a violation of Rule 4.1, RPC, Rule 407, SCACR, Truthfulness in Statements to Others.

As for Ruffin's admitted failure to cooperate, the panel found a violation of RPC Rule 8.1(b), Failure to Respond to a Lawful Demand for Information from a Disciplinary Authority. Further, the panel found a violation of Rule 7(a)(3), Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR, because Ruffin failed to respond to a disciplinary authority's lawful demand.

Lastly, the panel found with regards to all matters, that Ruffin violated RPC Rule 8.4 in his violation of Rules of Professional Conduct, inability to account for funds entrusted to him, and perpetration of conduct prejudicial to the administration of justice.

The panel recommended Ruffin be disbarred effective on the date of this Court's opinion, required to pay costs of the proceedings, and required to make full restitution. The panel suggested Ruffin make the following restitution payments: $116,703.36 to the title insurance company in Matter I, $1,803.24 to Ruffin's client in Matter II, $5,523.53 to the medical insurer in Matter IV, $313.54 to the professor in Matter V, and $2,000 to the gentleman who repaid the homeowners' association in Matter VI.

## Law/Analysis

■ "This Court is not bound to accept the recommendations of the Panel or the Executive Committee. The duty of adjudging the professional conduct of members of the Bar and taking appropriate disciplinary action rests exclusively with this Court." *In the Matter of Hines,* 275 S.C. 271, 273, 269 S.E.2d 766, 767 (1980).

We hold no misconduct occurred in Matter III as the insufficient notice dealt with an item deposited in Ruffin's account, not a check written on the account. Regarding the remaining matters, we agree with the panel report and find misconduct. We further require restitution as set forth by the panel.

■ Due to the clear and convincing evidence of misconduct, Ruffin's disciplinary history, and this Court's precedent, we hold nonretroactive disbarment is appropriate. *In the Matter of Ruffin,* 363 S.C. at 359–60, 610 S.E.2d at 809 (indefinitely suspending Ruffin for matters unrelated to this case); *see also In the Matter of Wilmeth,* 373 S.C. 631, 636, 647 S.E.2d 185, 188 (2007) (disbarring attorney, not retroactively, for multiple acts of misconduct including misappropriation of funds); *In the Matter of Morehouse,* 330 S.C. 205, 206–07, 499 S.E.2d 208, 209 (1998) (disbarring attorney without retroaction for wire fraud).

■ Under Rule 7(b), RLDE, Rule 413, SCACR, we further require Ruffin to contact ODC immediately regarding setting up a restitution plan. Ruffin shall agree on a restitution payment plan with ODC within sixty days of the filing of this opinion, complete restitution prior to petition for reinstatement, pay the costs associated with the disciplinary proceedings within ninety days of the filing of this opinion, and take the Legal Ethics and Practice Program sponsored by ODC and the Professional Responsibility Committee of the South Carolina Bar prior to any petition for reinstatement. Failure to comply with the restitution plan may result in the imposition of civil or criminal contempt by this Court.

### Conclusion

For the foregoing reasons, we disbar Ruffin effective upon the filing date of this opinion. Within fifteen days of the date of this opinion, Ruffin shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR, and shall also surrender his Certificate of Admission to Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.